```
UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF MICHIGAN
        SOUTHERN DIVISION
```

LANORRA RUTH PARKER,

    Plaintiff,

Case No. 10-cv-12934

HONORABLE STEPHEN J. MURPHY, III

v.

JUDGE NOCEEBA SOUTHERN,

    Defendant.

                                    /

**ORDER DENYING PARKER'S MOTION FOR
ALTERNATIVE SERVICE AS MOOT** (docket
no. 7) **AND GRANTING JUDGE SOUTHERN'S
<u>MOTION TO DISMISS</u>** (docket no. 8)

On July 26, 2010, Lanorra Parker filed a complaint in this Court against Judge Noceeba Southern, who serves on the 36th District Court of Michigan in Detroit. Parker, who is proceeding pro se in this matter with the assistance of an individual does not appear to have a license to practice law, alleges that Judge Southern violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–12213, and denied Parker her due process rights under the Fourteenth Amendment of the federal constitution. She seeks $350,000 in damages for these violations. Compl. at 4. The Court now has before it a motion by Judge Southern to dismiss this case under Fed. R. Civ. P. 12(b)(6), on the grounds that her judicial immunity precludes liability for these actions.

Parker failed to submit a response brief within 21 days of the filing of the motion to dismiss, as required by this Court's local rules. *See* E.D. Mich. LR 7.1(e)(1)(B). Therefore, the Court will rule on the motion as unopposed. *See id.* 7.1(b). Furthermore, the Court does not believe that oral argument will aid in the resolution of this case, so it will rule on the papers submitted to the Court. *Id.* 7.1(f)(2). The Court agrees with Judge Southern

that judicial immunity prevents it from reaching the merits of Parker's claims, and it will accordingly enter an order granting the motion and dismissing Parker's claims with prejudice.[1]

## STATEMENT OF FACTS

Parker brought an action in the small-claims division of the 36th District Court against DTE Energy ("DTE") on August 10, 2009, seeking $1,700 in damages. Register of Actions, Docket No. 8, Ex. A, at 1. Magistrate Judge Charles Anderson entered a default judgment against DTE on September 21. *Id.* When DTE became aware of the default judgment, they made a motion to remove the case from the small claims division to the civil division, and to have the default judgment set aside. *See* Demand and Order for Removal, Docket No. 8, Ex. B; Mot. to Set Aside Default, Docket No. 8, Ex. C. The court removed the case and assigned it to Judge Southern, who scheduled a hearing to consider setting aside the default judgment. Register of Actions at 1. At the hearing, Parker claimed that she could not represent herself due to her dyslexia and sarcoidosis. May 6 Trans., Docket No. 8, Ex. E, at 4. She was accompanied by an individual named David Anthony who, though not a lawyer, attempted to act as Parker's "representative" at the hearing. *Id.* at 7. Throughout the hearing, Judge Southern stressed to Parker that she should seek out counsel to assist her in the case; nonetheless, she allowed Anthony to speak at the hearing. *Id.* at 10–11. Judge Southern scheduled a second hearing to permit Parker time to obtain counsel, but Parker arrived at this hearing without counsel, and Anthony tried to speak on her behalf again. *See* Aug. 27 Trans., Docket No. 8, Ex. H. Judge Southern granted DTE's motion to lift the default judgment. Order Setting Aside Default Judgement, Docket No. 8, Ex. G.

---

[1] In addition, the Court will deny Parker's motion for alternative service, which became moot when the U.S. Marshalls served Judge Southern. Docket No. 7.

2

Parker's claims are based on Judge Southern's refusal to allow Anthony to assist her as if he was a lawyer, the holding of hearings despite her claims of disability, and the decision to set aside the default judgment previously entered against DTE. Compl. at 3.

## STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal of actions that "fail to state a claim upon which relief can be granted." A district court should only grant a motion to dismiss "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). In evaluating a motion to dismiss, the court presumes the truth of all well-pled factual allegations. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). *But see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). All reasonable factual inferences are to be drawn in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). "Detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555.

Judge Southern submitted court records, transcripts, and orders detailing the procedural history of Parker's case in state court. Reliance on these documents does not convert this motion from a Rule 12(b)(6) motion to a summary judgment motion under Rule 56. When a defendant's motion to dismiss references documents of public record that are central to the plaintiff's claim but not included in the complaint, Rule 12(b)(6) remains the appropriate standard of review. *Helwig v. Vencor, Inc.*, 210 F.3d 612, 618 n.10 (6th Cir. 2000), *rev'd on other grounds*, 251 F.3d 540 (6th Cir. 2001) (en banc) (taking notice of SEC

3

documents "does not require conversion of defendants' motion to dismiss to a motion for summary judgment").

## ANALYSIS

As a general rule, state court judges are "absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This bar applies with equal force to both ADA and constitutional claims. *Pierson v. Ray*, 368 U.S. 547, 553–54 (1967) (holding that state judicial officers enjoy absolute immunity from suits for money damages under 42 U.S.C. § 1983 for constitutional violations, even if they act "maliciously and corruptly"); *Badillo v. Thorpe*, 150 Fed. App'x 208, 211 (11th Cir. 2005) (barring suits for money damages under the ADA against a state court judge). There are only two narrow exceptions to this rule. First, judges are not immune from suit for actions taken outside their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1993). Analysis of whether or not an act is "judicial" focuses on "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362. Second, if a judge takes judicial actions "in the complete absence of all jurisdiction," immunity offers her no protection. *Mireles*, 502 U.S. at 12. The plaintiff must show that the judge's actions were "clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

This case does not accord with either of the limited exceptions to judicial immunity. The 36th District Court properly followed its own procedures when it assigned Parker's case to Judge Southern upon DTE's request for removal. During both of the hearings, Judge Southern heard Parker's complaints about her disabilities, and explained to Parker and Anthony the importance of obtaining counsel to ensure protection of Parker's rights.

4

She scheduled a second hearing to give Parker a chance to obtain counsel, and Parker did not take advantage of that opportunity. It was only during this second hearing that Judge Southern finally cut off the protestations of Parker and Anthony. Finally, she entered an appropriate judgment in favor of DTE that set aside the default judgment. Even conceding that all of Parker's accusations are correct, as the Court must do on a motion to dismiss, Judge Southern's actions amount to no more than a ruling on a motion within the scope of her jurisdiction, and well-intentioned advice to Parker about the need to retain legitimate legal counsel. Judge Southern's immunity prevents a suit for money damages from going forward under such conditions. Accordingly, dismissal of this suit, with prejudice, is proper in this case.

In conclusion, the Court must add a cautionary note. The practice of law without a proper license is strictly forbidden in the State of Michigan. *See* Mich. Comp. Laws § 600.916 ("A person . . . shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state."). Parker is nominally representing herself in this matter, but the filings indicate she is actually being represented by Anthony. The complaint refers to Anthony as Parker's "representative," and Anthony tried to speak on Parker's behalf in Judge Southern's courtroom as if he was her attorney. In addition, Anthony made numerous phone calls to this Court during the pendency of this case inquiring about service of process on Judge Southern. The Court does not doubt that Anthony has noble intentions, but Parker is the person who suffers the most from his behavior. *See State Bar v. Cramer*, 399 Mich. 116, 134 (1976), *rev'd on other grounds*, *Dressel v. Ameribank*, 468 Mich. 557 (2003) ("'Laymen are excluded from law practice, whatever law practice may be, solely to protect the public.'" (quoting *Oregon State Bar v.*

5

*Sec'y Escrows, Inc.*, 233 Or. 80 (1962))). This meritless lawsuit is a sad reminder of why laypersons are prohibited from the practice of law. Anthony faces potentially serious consequences should he continue to act in this capacity, and the Court joins Judge Southern in urging him to stop.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Judge Southern's motion to dismiss (docket no. 8) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Parker's motion for alternative service (docket no. 7) is **DENIED AS MOOT**.

**SO ORDERED**.

```
                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge
```

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2010, by electronic and/or ordinary mail.

```
                              Alissa Greer
                              Case Manager
```